ROBERT E. SEYMOUR AND NORDINE W. SEYMOUR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seymour v. Commissioner
Docket No. 2265-83.
United States Tax Court
T.C. Memo 1984-391; 1984 Tax Ct. Memo LEXIS 277; 48 T.C.M. (CCH) 650; T.C.M. (RIA) 84391; July 30, 1984. Robert E. Seymour, pro se. Donna J. Rice, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $168 in petitioners' Federal income tax for 1979. The only issue in dispute is whether petitioner Robert E. Seymour, an automobile salesman, is entitled to deduct $900 which he paid his employer for the lease of a demonstrator automobile in 1979. FINDINGS OF FACT At the time the petition was filed, petitioners were legal residents of Sacramento, California. During *278 1979, petitioner Robert E. Seymour (hereinafter petitioner) was employed by Frank Hurling Chevrolet (sometimes Hurling) as an automobile salesman. He was paid a commission on his sales. Hurling provided him with a demonstrator vehicle for the lease of which petitioner paid his employer $75 per month. This monthly rental charge was more favorable to petitioner than any he could have obtained from other sources. Petitioner used the vehicle in his efforts to sell automobiles including making calls on potential customers, permitting customers to drive it for demonstration purposes, and making the car available to customers whose cars were being serviced. Hurling had a rental fleet and, as a general rule, made the rental automobiles, rather than automobiles leased to its sales personnel, available to service customers. Petitioner also used the automobile to drive from his home to his work and for personal purposes after working hours and on weekends. Subject to availability, petitioner could choose the model that would be leased to him. During 1979, petitioner leased a station wagon because it would better accommodate his large family. If he drove the automobile more than 150 *279 miles from the place of his employment, he was expected to obtain the permission of Hurling, but that permission was usually forthcoming. Under Hurling's arrangements with its sales personnel, Hurling could revoke the privilege of using such an automobile if it was driven by anyone other than the salesperson or a prospective buyer. In the employee lease agreement covering the automobile, Hurling agreed to furnish collision and liability insurance and to maintain the mechanical condition of the vehicle; petitioner agreed to be responsible for vehicle appearance and gasoline charges. The employer reserved the right to change the automobile leased to petitioner at any time and to substitute another vehicle. Petitioner's employer followed a policy of substituting new vehicles for automobiles leased to a salesperson after the automobiles had built up substantial mileage. When a substitution was made, the demonstrator was returned to inventory so that all salespersons could concentrate on selling it. On his 1979 Federal income tax return, petitioner claimed a deduction of $1,197 for gasoline, oil, lubrication, car washes, and insurance expenses, based on a 90-percent business use *280 of the demonstrator. Respondent allowed $703 of these expenses based upon a reduction of the amount expended and an allocation of the remainder based upon a 65-percent business use of the automobile. Petitioner does not challenge this determination. Respondent also disallowed the deduction of the full amount of $900 claimed as demonstrator lease expenses. Petitioner maintains that the $900 lease expense is deductible. OPINION Petitioner's automobile sales commission employment was obviously a trade or business within the meaning of section 162(a), [1] and he is entitled to deductions for the ordinary and necessary business expenses paid or incurred in that business. On the other hand, his deduction is limited to business expenses. Section 262 provides, with certain exceptions not here relevant, that "no deduction shall be allowed for personal, living, or family expenses." Petitioner maintains with earnest sincerity that the demonstrator automobile for which he was required to pay a $75 monthly rental charge was a tool of his trade which, as a condition of his employment, *281 his employer required him to have available in his dealings with customers. Without this tool, he argues, he could not have conducted his commission sales business and, therefore, he should be entitled to deduct the expense of leasing his demonstrator. The evidence is clear, however, that petitioner used the automobile for both business and personal purposes and Hurling's management knew that he would do so. As to its use for business purposes, he has been allowed a deduction for 65 percent of the cost of his gasoline, oil, lubrication, and other upkeep items. Had he actually paid a rental charge for the business use of the automobile, he would also have been entitled to deduct the amount of the charge. He is not, however, entitled to deductions for the cost of the automobile in his commuting to and from work, , or the cost of his other personal use of the automobile for family or vacation purposes. Sec. 262. Petitioner frankly admitted that the $75 per month lease charge was less than he would have had to pay had he leased the automobile from someone other than his employer. He declined, however, to estimate *282 the difference. We think that the most reasonable inference is that the monthly rental represented an estimate of the value to petitioner and the cost to Hurling of the car's personal use. In other words, Hurling recognized, as petitioner argues, that petitioner needed access to an automobile as a tool of his trade so that he could show it to potential customers in connection with his sales efforts. Hurling could have made such a demonstrator available to him without charge and forbade him to use it for personal purposes. Instead, Hurling leased petitioner the demonstrator station wagon, chosen by petitioner because it would accommodate his large family, at the favorable monthly rental rate of $75 per month, and permitted him to use it for personal as well as business purposes. Petitioner has not shown that the value of such personal use was less than $75 per month and, in fact, he does not contend that it was. In the absence of any evidence to the contrary, we can only conclude that the lease charge of $75 per month covered petitioner's personal use of the station wagon. Petitioner is not entitled to the claimed deduction. . *283 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩